UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE WALKER and WALKER
INSURANCE AGENCY L.L.C., a Michigan
Limited Liability Company,,

      Plaintiffs,

v.

BROOKE CORPORATION, a Kansas
Corporation, ALERITAS CAPITAL
CORPORATION, a Delaware Corporation,
and BROOKE CAPITAL CORPORATION,
a Kansas Corporation,

      Defendants.
_____/

Case No. 08-cv-14574

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT
JUDGMENT AGAINST ALERITAS CAPITAL CORPORATION (docket 8),
DENYING PLAINTIFFS' MOTION FOR HEARING ON DEFAULT (docket 10)
AND ORDERING PLAINTIFF TO MAKE ALTERNATIVE SERVICE**

This matter is before the Court on plaintiffs' motion for default judgment filed on December 9, 2008 and plaintiffs' motion for a default judgment filed on May 1, 2009. Plaintiffs seek a default judgment against defendant Aleritas Capital Corporation on the grounds that Aleritas failed to answer the complaint or otherwise appear. This motion is denied without prejudice because Aleritas has not yet been properly served under the relevant law, and this Court therefore does not have personal jurisdiction over the defendant needed to render judgment. The Court will not dismiss, but will instead order the plaintiffs to make alternate service on the defendant.

Plaintiffs, Clarence Walker and Walker Insurance Agency, LLC (collectively "Walker"), have sued defendants Brooke Corporation, Aleritas Capital Corporation ("Aleritas"), and Brooke Capital Corporation for misrepresentation, fraud, privacy torts, breach of contract, unjust enrichment, and violation of the Michigan Franchise Investment

Law in connection with a deal between Walker and the defendants whereby Walker became a franchisee and was allegedly promised financing through Aleritas.

Walker attempted to serve Aleritas with process by sending the summons and complaint by registered mail, return receipt requested, to the Corporation Trust Co., the registered agent of Aleritas. The return receipt indicates that the documents were received by Corporation Trust on November 4, 2008, but do not indicate by whom they were received. On November 26, 2008, Walker requested a clerk's entry of default, which was entered that day. On December 9, 2008 Walker moved for default judgment, and that motion was also sent to Corporation Trust in its capacity as agent of Aleritas. Corporation Trust then notified the court that it was unable to reach Aleritas to forward the papers. Corporation Trust did not state whether the original service of process had ever reached Aleritas. In its letter to the Court, Corporation Trust returned the motion for summary judgment and stated that it would officially file the paperwork to resign as Aleritas's agent. No defendant has answered or otherwise appeared in this action as of the date of this order.

On May 1, 2009, Walker moved for a hearing on his motion for a default judgment stating that at the time Corporation Trust was served it was the registered agent of Aleritas, and that it (Corporation Trust) does not take issue with the service. The Court held a telephonic hearing on Walker's motion for a hearing on May 11, 2009.

## ANALYSIS

The Court will not grant a default judgment against Aleritas because Aleritas was never properly served with the summons and complaint. A party is under no duty to respond and a court does not have personal jurisdiction over a defendant until that defendant has been properly served. *Harrison v. Burt*, No. 2:07-cv-11412, 2008 WL

2

3984044 at *1 (E.D. Mich. Aug. 28, 2008). Corporation Trust as the registered agent of a corporation, and a corporation itself, can be served by methods proper for service to a corporation according to Rule 4(h) of the Federal Rules of Civil Procedure, or, as indicated in the Federal Rule, according to M.C.R. 2.105(D), or 10 Del. C. § 3111 or 8 Del. C. § 321. Neither the federal, nor the state rules for service of process explicitly allow for service by registered mail to a corporation.

Rule 4(h)(1) of the Federal Rules of Civil Procedure states that a corporation can be served (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant; or by sending the summons and a copy of the complaint along with a waiver for service of process to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1). Rule 4 (e)(1) allows for service of process in compliance with the service of process rules in the state in which the case is filed, or where service is made. Fed. R. Civ. P. 4(e)(1). Service would, therefore, be proper if it is proper either under the laws of Michigan, where this case is pending, or under the laws of Delaware, where service was attempted.

The Federal Rules of Civil Procedure do not permit service of process on a corporation by mail, or service of process on any party by mail, only waiver of process can be properly delivered by mail. *Staudte v. Abrahams*, 172 F.R.D. 155, 156 (E.D. Pa. 1997), citing Fed. R. Civ. P. 4(e).

Service of process on a corporation in the state of Michigan can be achieved by:

3

>(1) serving a summons and a copy of the complaint on an officer or the resident agent;
>(2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;
>(3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;
>(4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Corporation and Securities Bureau if:
>>(a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law;
>>(b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or
>>(c) the corporation's term of existence has expired.

Michigan Court Rules 2.105 (D), 1985.

Cases in this district that have addressed the issue have held that the Michigan rules do not authorize service by registered mail on corporations. In *Morley v. Furukawa Auto. Seating, Inc.,* the court points to the inclusion of service by registered mail in the "Individuals" section of M.C.R. 2.105 and the exclusion of such a method in the "Corporations" section as proof that the method of registered mail was contemplated, and intentionally left out. *Morley v. Furukawa Auto. Seating, Inc.*, No. 08-10130, 2008 WL 1925051 at *3 (E.D. Mich. May 1, 2008). Again, because Corporation Trust Co. is a corporation, service of process on Corporation Trust must be done in compliance with the "Corporations" section of M.C.R. 2.105, and methods allowed under the "Individuals" section are not applicable.

The court in *State Farm Fire and Casualty Co. v. Hamilton Beach/Proctor-Silex, Inc.*, No. 05-74700, 2007 WL 127909 at *3 (E.D. Mich. Jan. 11, 2007) also distinguishes between "sending" service of process and "serving" service of process. Where the applicable statute calls for "serving" process as opposed to "sending" process service in

4

hand is required. M.C.R. 2.105 (D)(1)-(3) call for "serving" process rather than sending it, and plaintiff has not shown that MCR 2.105 (D)(4) applies, so service of process must be accomplished by physically handing such documents to the appropriate parties.

Service of process by registered mail on an agent has been held to be sufficient under M.C.R. 2.105, but only where the agent was an individual. In *Smith v. Trojan, L.L.C.* No. 252244, 2005 WL 839499 at *1 (Mich. Ct. App., April 12, 2005), Smith served process on Larry Hofmeister, the registered agent of Trojan, by certified mail, and the Court of Appeals of Michigan upheld that service as proper. In reaching its ruling, the court cited the Michigan rule permitting service by mail on an individual, M.C.R. 2.105(B)(1)(b) and held that rule applied even though Hofmeister was accepting service on behalf of a corporation. Both Corporation Trust Co. and Aleritas are corporations, and therefore service to either cannot be made in accordance with the rules for service of process on individuals.

Service of process in the state of Delaware can be made according to 10 Del. C. § 3111, which states that service of process (a) may be served on any president or head officer residing in state, or if not, any officer, director or manager of the corporation, or (b) if all officers reside outside of the state, process may be served by publication in a news paper in Delaware and in the state in which the president of the corporation resides. Alternatively, 8 Del. C. § 321 (a) allows for service of process on corporations by delivering a copy personally to any officer or director of the corporation in Delaware, or the registered agent of the corporation in Delaware, or by leaving service at the registered office or other place of business in Delaware.

Service of process in this case was attempted by sending the summons and a copy of the complaint to the registered agent of the defendant through registered mail. This

5

method does not comply with any of the above stated allowable methods of service on a corporation.

Corporation Trust Co. is a corporation, and so for service on Corporation Trust to be proper such service must comply with the rules set forth in FRCP Rule 4(h), MCR 2.105(D), or 10 Del. C. § 3111 or 8 Del. C. § 321(a). The manner of service attempted here does not comply with any of the above stated statutes, and is therefore not proper. Because Corporation Trust Co. was never properly served as Aleritas's agent, Aleritas was not properly served either.

Where a court has found service improper, the correct course is not to dismiss but to retain the case for proper service later. *Vasher*, 2007 WL 295006 at *3 (citing *Stern v. Beer*, 200 F.2d 794, 795 (6th Cir. 1952). The Court will therefore order the plaintiff to make alternate service consistent with the Federal Rules of Civil Procedure.

## CONCLUSION

Plaintiffs' motion for a default judgment (docket 8) and plaintiffs' motion for an evidentiary hearing on a default judgment (docket 10) are hereby **DENIED**.

The Court hereby **ORDERS** the plaintiff to serve Aleritas a manner allowable under Federal, Michigan, or Delaware laws. If the parties upon whom service is due cannot be found, the Court hereby **ORDERS** that the plaintiff may follow M.C.R. 2.105(D)(4) and send by mail the summons and a copy of the complaint by registered mail, return receipt requested, to the corporation at its last known address and to the Michigan Corporation

6

and Securities Bureau and such service will be deemed sufficient by the Court for purposes of establishing sufficient service for purposes of personal jurisdiction over Aleritas.

                                         s/Stephen J. Murphy, III
                                         STEPHEN J. MURPHY, III
                                         United States District Judge

Dated: June 17, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 17, 2009, by electronic and/or ordinary mail.

                                         Alissa Greer
                                         Case Manager